**Andrew J. McMAHON,
Plaintiff-Appellant,**

v.

**OZBURN–HESSEY COMPANY, Ozburn-Hessey Moving Co., and William T. Austin, Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section.

Dec. 14, 1981.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 16, 1982.

H. McKinley Marlow, Jr., Jack Green, Nashville, for appellant.

Thomas C. Binkley, Edmund W. Turnley, III, Howser, Thomas, Summers, Binkley & Archer, Nashville, for appellee.

## OPINION

LEWIS, Judge.

The question raised by this appeal is whether or not defendants (hereafter referred to as Ozburn-Hessey) complied with T.C.A. § 47–7–210(2) [1] in the enforcement of a warehouseman's lien. The Chancellor, after a bench trial, held that Ozburn-Hessey did comply with the statute and dismissed plaintiff Andrew J. McMahon's (McMahon) complaint.

The pertinent facts are as follows: On April 23, 1973, McMahon entered into an agreement with Ozburn-Hessey for the storage of certain items. A list of items furnished by McMahon to Ozburn-Hessey shows tables, sofas, beds, pillows, chairs, wooden cartons, and barrels. The cartons and barrels were sealed and the contents were unknown to Ozburn-Hessey. McMahon had packed the cartons and barrels and made a list of the items contained in the cartons and barrels, but he never gave a copy of the list to Ozburn-Hessey. Among the items in the cartons or barrels was a valuable collection of railroad memorabilia.

The contract of storage required monthly payments in advance for each month's storage to be made by McMahon to Ozburn-Hessey. Subsequent to January, 1976, McMahon began to be late with the storage payments and, except for one occasion in March, 1977, continually had an outstanding balance.

Ozburn-Hessey sent notice by registered mail to McMahon, postmarked April 25, 1979, stating that unless payment was made McMahon's goods would be sold pursuant to T.C.A. § 47–7–210. The letter contains notations that the post office notified McMahon on April 26, 1979, and May 1, 1979, of the registered letter. The letter was not claimed by McMahon and was returned to Ozburn-Hessey on May 26, 1979, marked by the post office as "unclaimed."

McMahon testified that he checked his post office box on the 22nd day of April, 1979, but did not thereafter check the post office box, although he did not leave the City until the 30th day of April, 1979, for an extended absence.

On May 3 and 10, 1979, notice of sale was published in the Nashville Record. This notice gave a description of the goods to be sold as "household goods," showed McMahon as the owner, and set forth the place, date and time of the sale. On June 9, 1979, the household effects of McMahon were sold at public auction pursuant to the notice of sale.

The Chancellor found, and after a review of the record we agree, that from September, 1978, until the date of sale, McMahon made no monthly storage payments to Oz-

1. (2) A warehouseman's lien on goods other than goods stored by a merchant in the course of his business may be enforced only as follows:

(a) All persons known to claim an interest in the goods must be notified.

(b) The notification must be delivered in person or sent by registered or certified mail to the last known address of any person to be notified.

(c) The notification must include an itemized statement of the claim, a description of the goods subject to the lien, a demand for payment within a specified time not less than ten (10) days after receipt of the notification, and a conspicuous statement that unless the claim is paid within that time the goods will be advertised for sale and sold by auction at a specified time and place.

(d) The sale must conform to the terms of the notification.

(e) The sale must be held at the nearest suitable place to that where the goods are held or stored.

(f) After the expiration of the time given in the notification, an advertisement of the sale must be published once a week for two (2) weeks consecutively in a newspaper of general circulation where the sale is to be held. The advertisement must include a description of the goods, the name of the person on whose account they are being held, and the time and place of the sale. The sale must take place at least fifteen (15) days after the first publication. If there is no newspaper of general circulation where the sale is to be held, the advertisement must be posted at least ten (10) days before the sale in not less than six (6) conspicuous places in the neighborhood of the proposed sale.

burn-Hessey and that McMahon returned to his home from an extended absence in the latter part of May, 1979, but made no contact with Ozburn-Hessey until August, 1979. The evidence is that during the term of the contract between McMahon and Ozburn-Hessey no modification of the terms of the agreement was made as to the required monthly payments for the storage fee.

■ This case comes to us with a presumption of the correctness of the findings of the Chancellor unless the preponderance of the evidence is otherwise. Rule 13(d), TRAP.

We are of the opinion, after a full and complete review of the record, that the evidence does not preponderate against the findings of the Chancellor and that Ozburn-Hessey complied with the requirements of T.C.A. § 47–7–210.

■ With respect to plaintiff's contention that the requirement of proper notification was not complied with, the record is clear that a registered letter, postmarked April 25, 1979, was sent to McMahon's last known address, the only person known to Ozburn-Hessey to claim an interest in the goods. The letter of notification included an itemized statement of the claim and a description of the goods subject to the lien, as well as a notice that the goods would be sold on the 9th day of June at public auction unless the storage bill was paid. The sale was thereafter held on June 9, 1979, in conformity with the terms of the letter of notification.

We find no merit to McMahon's contention that Ozburn-Hessey failed to comply with T.C.A. § 47–7–210(2)(a), (b), (c) and (d).

■ Plaintiff also contends that the notice of sale published in the Nashville Record does not meet the requirements of T.C.A. § 47–7–210(2)(f) in that the notice did not contain a description of the goods. We are of the opinion that this contention is also without merit. Ozburn-Hessey described the goods to be sold as "household effects." This description is in accordance with the description of the goods furnished to Ozburn-Hessey by McMahon. As we have heretofore noted, the cartons and barrels which contained the valuable railroad memorabilia were packed and sealed by McMahon and the contents of these cartons and barrels were unknown to Ozburn-Hessey. McMahon had made a list of these items but did not furnish it to Ozburn-Hessey. Further, McMahon declared no unusual value for the items in the cartons and barrels.

In *Hellmann v. Smith-Mayflower, Smith's Moving & Storage Co.*, 30 U.C.C. 666 (Md. Ct.Spec.App.1980), the question of whether there was a sufficient description contained in the advertisement of sale was before the court. The court held that an advertisement describing goods as personal effects, household goods, etc. was sufficient. The court there noted that the plaintiff packed the goods, declared no unusual value, and failed to supply an inventory to the warehouseman. The court in *Hellmann* found that the description met the statutory requirements.

We are of the opinion that under the circumstances presented here the description contained in the advertisement complies with the statute.

It results that the decision of the Chancellor is affirmed with costs to plaintiff. This cause is remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

CANTRELL and CONNER, JJ., concur.